831 A.2d 714 (2003)
COMMONWEALTH of Pennsylvania, Appellee,
v.
M.D.P., Appellant.
Superior Court of Pennsylvania.
Argued June 17, 2003.
Filed August 25, 2003.
*716 Michael S. Marshall, Clarion, for appellant.
Mark T. Aaron, Asst. Dist. Atty., Clarion, for Com., appellee.
BEFORE: HUDOCK, LALLY-GREEN, and CAVANAUGH, JJ.
*715 OPINION BY LALLY-GREEN, J.:
¶ 1 Appellant, M.D.P., appeals from the order dated August 9, 2002 and entered August 12, 2002, granting in part and denying in part, his Motion to Dismiss. We affirm.
¶ 2 The factual and procedural background is as follows. On September 7, 2000, a Pennsylvania State Police Officer filed a criminal complaint against Appellant charging Appellant with Indecent Assault, Indecent Exposure, and Corruption of Minors. The charges stemmed from offenses Appellant committed against his son R.P. on six occasions between June 1, 2000 and July 16, 2000. On July 5, 2001, Appellant pled guilty to two counts of Indecent Assault at No. 712 CR 2000. The trial court sentenced Appellant to a term of incarceration of nine months on each count, to run consecutively. The Commonwealth nol prossed the remaining charges.
¶ 3 During an interview with police on February 14, 2001, Appellant admitted to inappropriate sexual contact with two other sons, A.P. and J.P., from May through August, 2000. The current prosecution commenced on February 20, 2002. On that date, the state police filed charges *717 at No. 294 CR 2002 against Appellant alleging that Appellant committed sex crimes against all three boys from May 1, 2000 to September, 2000. Appellant was charged with numerous counts of Rape, Statutory Sexual Assault, Involuntary Deviate Sexual Intercourse, Sexual Assault, Aggravated Indecent Assault, Indecent Assault, Incest, and Corruption of Minors. On May 16, 2002, Appellant filed a Motion to Dismiss these charges pursuant to 18 Pa.C.S.A. § 110 on the basis of the former prosecution. By Order dated August 9, 2002, the trial court granted the Motion to Dismiss with respect to the charges involving R.P. and denied the motion with respect to the charges pertaining to A.P. and J.P. See, August 9, 2002 Order. This appeal followed.[1]
¶ 4 Appellant raises two issues on appeal:
1) Whether the current prosecution is barred by 18 Pa.C.S.A. Section 110(1)(i) because it is for offenses which Defendant could have been convicted of on the former prosecution at No. 712 CR 2000.
2) Whether the current prosecution is barred by 18 Pa.C.S.A. Section 110(1)(i) because it is for offenses which arise from the same criminal episode as the prosecution at No. 702[sic] CR 2000.
Appellant's Brief at 4. Appellant, thus, claims that his former prosecution bars his current prosecution.
¶ 5 Our review is plenary when the issue is whether the compulsory joinder rule, 18 Pa.C.S.A. § 110, bars cases. Commonwealth v. Simmer, 814 A.2d 696, 698 (Pa.Super.2002).
¶ 6 Section 110 bars a prosecution for an offense where a former prosecution resulted in a conviction for a different offense that arose from the same criminal episode. Section 110 provides, in relevant part:
Section 110. When prosecution barred by former prosecution for different offense
Although a prosecution is for a violation of a different provision of the statutes than a former prosecution or is based on different facts, it is barred by such former prosecution under the following circumstances:
(1) The former prosecution resulted in an acquittal or in a conviction as defined in section 109 of this title (relating to when prosecution barred by former prosecution for same offense) and the subsequent prosecution is for:
(i) any offense of which the defendant could have been convicted on the first prosecution;
(ii) any offense based on the same conduct or arising from the same criminal episode, if such offense was known to the appropriate prosecuting officer at the time of commencement of the first trial and occurred within the same judicial district as the former prosecution unless the court ordered a separate trial of the charge of such offense; or
(iii) the same conduct, unless:
(A) the offense of which the defendant was formerly convicted or acquitted and the offense for which he is subsequently prosecuted each requires proof of a fact not required *718 by the other and the law defining each of such offenses is intended to prevent a substantially different harm or evil; or
(B) the second offense was not consummated when the former trial began.
18 Pa.C.S.A. § 110.
¶ 7 The purpose behind Section 110 is two-fold. "First, it protects a defendant from the governmental harassment of being subjected to successive trials for offenses stemming from the same criminal episode. Secondly, the rule assures finality without unduly burdening the judicial process by repetitious litigation." Commonwealth v. Failor, 564 Pa. 642, 770 A.2d 310, 313 (2001).
¶ 8 Appellant first argues that 18 Pa.C.S.A. § 110 bars the Commonwealth from prosecuting him where the second prosecution is for offenses for which he could have been convicted in the prior prosecution. Appellant claims that the charges involved in the current prosecution as to R.P. could have been filed in a single information with the charges against A.P. and J.P. Thus, Appellant asserts that he could have been convicted of such charges because all of the charges could have been consolidated.
¶ 9 Our review of the record reflects that on February 20, 2002, the state police filed charges at No. 294 CR 2002 against Appellant charging numerous sexual offenses as to, inter alia, Appellant's other sons. Appellant was not charged with any offenses in the first prosecution as to these other sons. Indeed, this prosecution is the first prosecution of Appellant regarding the other sons. Appellant, thus, could not have been convicted of any charges regarding the other sons in the first prosecution.[2] Appellant's claim regarding Section 110(1)(i) and the other sons fails.
¶ 10 Appellant next claims that 18 Pa.C.S.A. § 110(1)(ii) bars his current prosecution because the offenses arise from the same criminal episode as his prior prosecution. Appellant argues that the charges involved in the current prosecution and the charges involved in the former prosecution are logically and temporally related forming a single criminal episode which bars the current prosecution.
¶ 11 Section 110(1)(ii) provides the following four-prong test for determining whether a prosecution is barred: (1) the former prosecution resulted in an acquittal or a conviction; (2) the current prosecution is based on the same criminal conduct or arose from the same criminal episode; (3) the prosecutor is aware of the current charges before the commencement of the trial of the former charges; and (4) the current charges and the former charges are within the jurisdiction of a single court. Simmer, 814 A.2d at 698. We are satisfied that prongs (1) and (3) are satisfied, as the Commonwealth has not challenged them. Prong (4) is also satisfied. We, thus, address only whether Appellant's charges stemming from sexually related offenses of each of his three sons constitute a single criminal episode for purposes of 18 Pa.C.S.A. § 110(i)(ii).
¶ 12 To determine whether various acts constitute a single criminal episode warranting compulsory joinder, a court must consider two factors: 1) the logical relationship between the acts; and *719 2) the temporal relationship between the acts.[3]Commonwealth v. Spotz, 563 Pa. 269, 759 A.2d 1280 (2000). In ascertaining whether a number of statutory offenses are "logically related" to one another, the court should initially inquire as to whether there is a substantial duplication of factual, and/or legal issues presented by the offenses. Commonwealth v. Kohler, 811 A.2d 1046, 1050-1051 (Pa.Super.2002).
¶ 13 The trial court addressed this issue as follows:
The Supreme Court in Commonwealth v. Bracalielly, 540 Pa. 460, 658 A.2d 755, 761 (1995), stated that Commonwealth v. Hude, 500 Pa. 482, 458 A.2d 177, 183 (1983) requires courts to consider the following two factors in determining whether various acts constitute a single criminal episode under 18 Pa.C.S.A. Section 110(1)(II): (1) the logical relationship between the acts and (2) the temporal relationship between the acts. The court in Bracalielly applied these factors and concluded that there was not a single criminal episode because "... proof of each individual instance of possession and delivery in each county would not rest solely on the credibility of a single witness, but rather, would require the introduction of the testimony of completely different police officers and expert witnesses as well as the establishment of completely different chains of custody." The court found that the two cases did "... not present the substantial duplication of issues of law and fact necessary to establish a logical relationship between the crimes."
Here, the Commonwealth concedes that the charges in this case that pertain to the Defendant's son R. should be dismissed because "the matter was dealt with through a conviction prior to the new charges being filed." In this Order the court has granted the Defendant's Motion to Dismiss with respect to the charges involving R.P. Therefore, the only issue before the court is whether the acts alleged in the present case, now involving only A.P. and J.P., and the acts alleged at 712 CR 2000 regarding only R.P. constitute a single criminal episode.
In applying the two factors stated in Bracalielly, this court must conclude that the acts are not part of the same criminal episode. First, the acts in the two cases do not have a logical relationship. Proof of the acts in this case would not necessarily rest solely upon the credibility of a single witness. The cases involve different victims and different criminal charges. Second, there is not a temporal relationship. It is alleged in the present case that the acts involving the different victims occurred over a longer period of time. While the acts which the Defendant committed in 712 CR 2000 fell within the same time frame, still the prosecution in this case would be required to prove facts covering a different time frame than that presented in 712 CR 2000. There is not a substantial duplication of issues of law and fact.
Trial Court Order, 8/9/02, at 1-2.
¶ 14 Our review of the record reflects that the second prosecution will *720 not result in a substantial duplication of the law and facts presented by the first prosecution. First, the legal issues presented by the two cases are sufficiently different. Appellant pled guilty to two counts of Indecent Assault committed against R.P.[4] Appellant now stands charged with Rape, Statutory Sexual Assault, Involuntary Deviate Sexual Intercourse, Sexual Assault, Aggravated Indecent Assault, Indecent Assault, Incest, and Corruption of Minors committed against A.P. and J.P. The second prosecution raises legal questions that the first prosecution did not address. The inclusion of Indecent Assault in the second prosecution does risk some duplication of legal issues, but not enough to warrant dismissal of charges. As our Supreme Court stated in Commonwealth v. Bracalielly, 540 Pa. 460, 658 A.2d 755, 761 (1995), "a mere de minimis duplication of factual and legal issues is insufficient to establish a logical relationship between offenses." Id. The different legal questions found in the two cases do not support the finding of a logical relationship.
¶ 15 Second, the pertinent facts in each case differ. Our review of the record reflects that the conduct that led to Appellant's conviction in the first prosecution was committed with only R.P. present in Appellant's bedroom. See, Affidavit of Probable Cause, 9/7/2000. Only R.P. could testify to those crimes. Yet, in the second prosecution, charging Appellant with conduct related to A.P. and J.P., the testimony of these two sons will be vital. The presence of different witnesses in the two trials further weakens the logical relationship between the cases. In Bracalielly, two separate law enforcement agencies in different counties conducted independent investigations of the defendant's involvement with drugs. Bracalielly, 658 A.2d at 762. Since each case required the testimony of different police officers, the Supreme Court found that the two trials "do not present the substantial duplication of issues of law and fact necessary to establish a logical relationship between the crimes." Id.[5]
¶ 16 In Spotz, the defendant was charged with four homicides in four different counties. Spotz, 759 A.2d at 1286. All four homicides involved different law enforcement agencies and different witnesses. Id. The Supreme Court did not find a logical relationship where the cases relied on different testimony. Id. In the case at hand, the two prosecutions present wholly different witnesses and, thus, are not logically related.
¶ 17 Furthermore, the two cases contain evidence of different conduct. The first prosecution resulted from Appellant applying cream to R.P.'s genitals and then rubbing them. See, Affidavit of Probable Cause, 9/7/00. Appellant did this while alone with R.P. See, id. The second prosecution accuses Appellant of rubbing his sons' genitals, performing oral sex on them, and penetrating their anuses. See, *721 Affidavit of Probable Cause, 2/20/00. These acts are qualitatively different. Also, this Court has held that "[t]he controlling concern ... is not the general nature of the charges against a defendant, but rather the evidence of the crimes themselves." Commonwealth v. Shirey, 333 Pa.Super. 85, 481 A.2d 1314, 1331 (1984).[6] In the case at hand, all the conduct can be generally characterized as sexual abuse. Yet, the evidence relevant to the two prosecutions is entirely different.
¶ 18 In summary, since the two cases present different legal questions and present different facts because they rely on different witnesses and contain different evidence, the two prosecutions are not logically related. Therefore, they are not contained within a single criminal episode.
¶ 19 Because we conclude that the offenses with which Appellant was charged did not arise from a single criminal episode, the instant prosecution is proper, and Appellant's motion to dismiss must be denied. We, thus, affirm the order of the trial court denying Appellant's Motion to Dismiss with respect to charges involving A.P. and J.P. and granting Appellant's Motion to Dismiss with respect to charges involving R.P.
¶ 20 Order affirmed.
NOTES
[1] We note that the order denying Appellant's Motion to Dismiss is not a final order. However, because 18 Pa.C.S.A. § 110 statutorily embodies the same basic purposes as those underlying the double jeopardy clauses, the interlocutory appealability of double jeopardy claims has been applied to claims based on Section 110. Commonwealth v. Bracalielly, 540 Pa. 460, 658 A.2d 755, 759-60 (1995). Therefore, we may properly consider this appeal.
[2] Moreover, the statute references offenses of which the defendant could have been "convicted," not charged, as alleged by Appellant. See, 18 Pa.C.S.A. § 110(1)(i). Appellant could not have been convicted of such charges if he had not even been charged with them at the time of the first prosecution.
[3] The single criminal episode analysis essentially considers the totality of the circumstances. Here, as in Bracalielly, since we determine that the logical relationship is insufficient to constitute a single criminal episode, the purpose of the rule is satisfied and we do not address the temporal relationship. See, id., 658 A.2d at 762 (court focused on determination that no logical relationship between the crimes existed in reaching conclusion that the acts in Butler County and Allegheny County were not part of the "same criminal conduct.")
[4] Although Appellant was charged with Indecent Assault, Indecent Exposure, and Corruption of Minors in the first prosecution, only his Indecent Assault conviction is relevant to this appeal. The Commonwealth nol prossed the remaining charges. "A non pros is neither an acquittal nor a conviction; and as a result, neither [18 Pa.C.S.A.] § 110 nor the double jeopardy clause apply ..." Commonwealth v. Perillo, 426 Pa.Super. 1, 626 A.2d 163, 165 (1993).
[5] In Commonwealth v. Hude, 500 Pa. 482, 458 A.2d 177 (1983), our Supreme Court found a logical relationship where the Commonwealth's case depended on the testimony of a single police officer. Hude, 458 A.2d at 183. The instant case requires different witnesses, and, therefore, is more akin to Bracalielly.
[6] This quote from Shirey addresses discretionary consolidation. Although the instant case does not involve discretionary consolidation, we find this language from Shirey persuasive because compulsory joinder has a higher bar than discretionary consolidation.