J-A25015-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| LENNE LARUE, III, | |
| Appellant | No. 77 MDA 2016 |

Appeal from the Order Entered December 21, 2015
In the Court of Common Pleas of Franklin County
Criminal Division at No(s): CP-28-CR-0000536-2015, CP-28-CR-0000564-2015, CP-28-CR-0000565-2015

BEFORE: FORD ELLIOTT, P.J.E., SHOGAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY SHOGAN, J.:                                    **FILED JANUARY 27, 2017**

Appellant, Lenne LaRue, III, appeals from the order denying his motion to quash and/or dismiss criminal informations in the above-captioned matters. We affirm.

The trial court set forth the underlying facts of this case as follows:

> Officer Jason Wolfgang of the Washington Township Police Department was dispatched to the Walmart in Washington Township, Franklin County, Pennsylvania for the report of a retail theft on August 28, 2014. Upon arriving at Walmart, Officer Wolfgang came into contact with [Appellant] who was in the computer aisle. Based upon information received from Holly Martin,[2] Officer Wolfgang placed [Appellant] under arrest. At the time Officer Wolfgang arrested [Appellant], he was unaware of any criminal investigations by the Pennsylvania State Police involving [Appellant]. However, Officer Wolfgang was aware of

_____

[*] Former Justice specially assigned to the Superior Court.

another investigation being conducted by Officer Schmidt of the Washington Township Police Department; said investigation involved an alleged retail theft by [Appellant].

> [2] Holly Martin is a Loss Prevention Officer for Walmart.

Officer Wolfgang transported [Appellant] to the Washington Township Police Department to interview him. At some point during or shortly after his interview of [Appellant], Officer Wolfgang learned of a pending investigation by the Pennsylvania State Police (PSP). Trooper Cox[3] of PSP arrived at the Washington Township Police Department and interviewed [Appellant] in relation to the PSP investigation. Officer Wolfgang did not participate in the interview of [Appellant] by Trooper Cox, nor was he aware at the time of the exact nature of the PSP investigation, *i.e.*, he was unaware of the victims/witnesses, nor was he aware of a pending Driving Under the Influence charge. Officer Wolfgang also did not speak with anyone in the District Attorney's Office at the time he filed charges. The investigations by Officers Wolfgang and Schmidt resulted in charges being brought against [Appellant]; those charges were docketed and disposed of at CP-28-CR-1708-2014 & CP-28-CR-1709-2014.

> [3] Trooper Cox was conducting an investigation with Trooper Sebastian; Trooper Sebastian testified at the hearing on November 23, 2015.

On August 28, 2014, Trooper Sebastian was on duty with his coach, Trooper Cox. He and Trooper Cox received a dispatch to respond to Sunrise Electronics for an active burglary alarm at approximately 11:00 p.m. Sunrise Electronics is located in Guilford Township, Franklin County, Pennsylvania. While investigating the burglary alarm, the Troopers discovered a barcode next to the door of Sunrise Electronics. The barcode was from Walmart; the Troopers traveled to Walmart in Guilford Township[4] to investigate further.

> [4] Sunrise Electronics is located within walking distance of the Walmart in Guilford Township.

Upon arriving at Walmart, the Troopers consulted with the shift manager. The shift manager showed the Troopers surveillance video of an individual the manager described as

"suspicious." Upon viewing the video, the Troopers observed the person, later identified by the Troopers as [Appellant], arrive without a jacket. The video also revealed [Appellant] attempting to countermand security measures in the electronics section. The troopers also observed [Appellant] leave the store with a jacket/hoodie that he had not paid for.

While conducting the investigation, the Troopers received a report that an individual had just been arrested for Retail Theft at the Washington Township Walmart. The Troopers traveled to the Walmart in Washington Township and viewed their surveillance video. The Troopers determined that the individual in the Washington Township video was the same person as the Guilford Township video. The Troopers then proceeded to the Washington Township Police Department and interviewed [Appellant]. During the interview, [Appellant] made the Troopers aware of the pending DUI investigation in the Borough of Chambersburg.

Both Officer Wolfgang and Trooper Sebastian indicated that they did not discuss their cases with the District Attorney's Officer prior to filing charges. Officer Wolfgang prepared his charges against [Appellant] the night of [Appellant's] arrest and submitted them for filing at that time. Officer Wolfgang further testified that it may have been a few days until the charges were processed through the department and at the Magisterial District Judge.

Trooper Sebastian testified that he was never instructed by the District Attorney's Office to withhold filing of his charges. He testified that he prepared his incident report, prepared the relevant police criminal complaint, and turned everything over to Trooper Cox for review on or about September 8, 2015. There was a review process within the State Police barracks for the charges, and after approval by Trooper Sebastian's supervisors, the charges were submitted for filing to the Magisterial District Judge. The charges were filed on September 22, 2015. At no time did Trooper Sebastian consider delaying the filing of his charges in order to increase the grading of any charged offense.

Trial Court Opinion, 12/21/15, at 2-4.

At CP-28-CR-536-2015, Appellant was charged with three counts of DUI and one count of driving during suspension for an incident that allegedly occurred in the afternoon of August 27, 2014, in Chambersburg, Franklin County. At CP-28-CR-564-2015, Appellant was charged with retail theft for conduct that allegedly occurred on August 28, 2014, at the Walmart in Guilford Township, Franklin County. At CP-28-CR-565-2015, Appellant was charged with criminal attempt-burglary and criminal attempt-criminal trespass for conduct that allegedly occurred on August 28, 2014, at the Sunrise Computer & Electronics Store in Guilford Township, Franklin County. The criminal informations for these three cases were filed on April 24, 2015.

Appellant filed a motion to quash/dismiss the cases at CP-28-CR-536-2015, CP-28-CR-564-2015, and CP-28-CR-565-2015, claiming that the compulsory joinder rule set forth at 18 Pa.C.S. § 110 required the Commonwealth to join for one trial these three charges with the charges filed by Officers Wolfgang and Schmidt at CP-28-CR-1708-2014 and CP-28-CR-1709-2014. The trial court held a hearing on Appellant's pretrial motion on November 23, 2015. On December 21, 2015, the trial court entered an order denying Appellant's pretrial motion to quash/dismiss the informations.

J-A25015-16

This timely appeal followed. Both Appellant and the trial court have complied with Pa.R.A.P. 1925.[1]

Appellant presents the following issues for our review:

I. WHETHER APPELLANT'S CURRENT PROSECUTION IS BARRED BY THE COMPULSORY JOINDER RULE CODIFIED IN 18 Pa.C.S.A §110(1)(i) BECAUSE IT IS FOR OFFENSES WHICH APPELLANT COULD HAVE BEEN CONVICTED OF IN A PREVIOUS CONVICTION DOCKETED AT 1708-2014 AND 1709-2014?

II. WHETHER APPELLANT'S CURRENT PROSECUTION IS BARRED BY THE COMPULSORY JOINDER RULE CODIFIED IN 18 Pa.C.S.A § 110(1)(iI) [sic] BECAUSE IT IS FOR CONDUCT THAT AROSE FROM THE SAME CRIMINAL EPISODE AS THAT OFFENSE FOR WHICH APPELLANT WAS PREVIOUSLY CONVICTED OF AND DOCKETED AT 1708-2014 AND 1709-2014?

_____

[1] On February 11, 2016, this Court issued a "rule to show cause" order directing Appellant to show cause why the appeal should not be quashed as taken from an unappealable order. On February 16, 2016, Appellant filed an answer to the show-cause order. On February 19, 2016, this Court issued an order quashing the appeal. Appellant sought reconsideration on February 22, 2016, and filed a supplement on March 3, 2016, claiming the appeal is an interlocutory appeal as of right because the trial court indicated that the joinder claim was not frivolous. Thereafter, upon determination by the trial court that Appellant's motion to quash/dismiss was not frivolous, this Court reinstated the appeal in an order filed March 4, 2016. We note that the order denying Appellant's motion to dismiss is not a final order. However, because 18 Pa.C.S. § 110 statutorily "embodies the same basic purposes as those underlying the double jeopardy clauses, the interlocutory appealability of double jeopardy claims has been applied to claims based on Section 110." ***Commonwealth v. Bracalielly***, 658 A.2d 755, 759-760 (Pa. 1995). Therefore, we may properly consider this appeal. ***Commonwealth v. M.D.P.***, 831 A.2d 714, 717 n.1 (Pa. Super. 2003).

- 5 -

Appellant's Brief at 5. Both of Appellant's issues pertain to whether prosecution is barred under the compulsory joinder statute.

We set forth our well-settled standard of review: "An appeal grounded in double jeopardy raises a question of constitutional law. This [C]ourt's scope of review in making a determination on a question of law is, as always, plenary. As with all questions of law, the appellate standard of review is *de novo*…." **Commonwealth v. Vargas**, 947 A.2d 777, 780 (Pa. Super. 2008) (citations and quotations omitted); **see also Commonwealth v. Simmer**, 814 A.2d 696, 698 (Pa. Super. 2002) (Our review is plenary when the issue is whether the compulsory joinder rule, 18 Pa.C.S. § 110, bars prosecution.).

"The compulsory joinder statute [18 Pa.C.S. § 110,] is a legislative mandate that a subsequent prosecution for a violation of a provision of a statute that is different from a former prosecution, or is based on different facts, will be barred in certain circumstances." **Commonwealth v. Fithian**, 961 A.2d 66, 71 (Pa. 2008). Section 110 provides, in relevant part:

> **§ 110. When prosecution barred by former prosecution for different offense**
>
> Although a prosecution is for a violation of a different provision of the statutes than a former prosecution or is based on different facts, it is barred by such former prosecution under the following circumstances:
>
> (1) The former prosecution resulted in an acquittal or in a conviction as defined in section 109 of this title (relating to when prosecution barred by former prosecution for same offense) and the subsequent prosecution is for:

- 6 -

(i) any offense of which the defendant could have been convicted on the first prosecution;

(ii) any offense based on the same conduct or arising from the same criminal episode, if such offense was known to the appropriate prosecuting officer at the time of commencement of the first trial and occurred within the same judicial district as the former prosecution unless the court ordered a separate trial of the charge of such offense; or

(iii) the same conduct, unless:

(A) the offense of which the defendant was formerly convicted or acquitted and the offense for which he is subsequently prosecuted each requires proof of a fact not required by the other and the law defining each of such offenses is intended to prevent a substantially different harm or evil; or

(B) the second offense was not consummated when the former trial began.

18 Pa.C.S. § 110.

Our Supreme Court has stated:

[18 Pa.C.S. § 110] reflects Pennsylvania's compulsory joinder rule, which is designed to protect a defendant's double-jeopardy interests where the Commonwealth initially declines to prosecute him for the present offense, electing to proceed on different charges stemming from the same criminal episode.

**Commonwealth v. Laird**, 988 A.2d 618, 628 (Pa. 2010) (citations omitted).

The purpose behind section 110 is two-fold. "First, it protects a defendant from the governmental harassment of being subjected to

successive trials for offenses stemming from the same criminal episode. Secondly, the rule assures finality without unduly burdening the judicial process by repetitious litigation." *Commonwealth v. Failor*, 770 A.2d 310, 313 (Pa. 2001).

Appellant first argues that his prosecution is barred pursuant to section 110(1)(i). Appellant's Brief at 10-15. Essentially, Appellant contends that the charges at CP-28-CR-564-2015 and CP-28-CR-565-2015 should be dismissed under the compulsory joinder rule because Appellant could have been convicted of the offenses during his first prosecution on September 9, 2014, for offenses also committed in Franklin County.

However, before we address the merits of this issue, we must determine whether Appellant preserved this claim for appeal.[2] Pursuant to Pennsylvania Rule of Appellate Procedure 302, issues that are not raised in the lower court are waived and cannot be raised for the first time on appeal. Pa.R.A.P. 302(a). Moreover, we have long held that "[a] claim which has not been raised before the trial court cannot be raised for the first time on appeal." *Commonwealth v. Lopata*, 754 A.2d 685, 689 (Pa. Super. 2000). Even issues of constitutional dimension cannot be raised for the first time on appeal. *Commonwealth v. Strunk*, 953 A.2d 577, 579 (Pa. Super. 2008). *See Commonwealth v. Ryan*, 909 A.2d 839, 845 (Pa. Super.

---

[2] We note the Commonwealth has averred that Appellant failed to preserve this issue for appeal. Commonwealth's Brief at 2.

2006) (noting that "[a] theory of error different from that presented to the trial jurist is waived on appeal, even if both theories support the same basic allegation of error which gives rise to the claim for relief."). Thus, only claims properly presented in the trial court are preserved for appeal. In addition, it is an appellant's obligation to demonstrate which appellate issues were preserved for review. Pa.R.A.P. 2117(c), 2119(e).

Here, we are constrained to conclude that such arguments by the Appellant are waived because Appellant failed to present them to the trial court in the first instance. The trial court properly notes in its opinion:

> [Appellant] cites to both 18 Pa.C.S. § 110(1)(i) and § 110(1)(ii) in his *Amended Motion*. *See Amended Motion* [*to Quash*, filed July 16, 2015], ¶ 13. However, upon review of the substantive averments and arguments in his *Amended Motion*, it is abundantly clear to the Court that [Appellant] is raising his claim under § 110(1)(ii) alone. *See Amended Motion* [*to Quash*], ¶¶ 14-18; *see also* Defendant's *Brief in Support of Motion to Quash and/or Dismiss Information*, filed August 21, 2015[, at 12-28].

Trial Court Opinion, 12/21/15, at 6 n.5.

We have reviewed the filing presented to the trial court and agree that, although Appellant cited section 110(1)(i), he did not present an argument or discussion to the trial court to support a claim that dismissal of the charges was appropriate under that section. Rather, our review reflects that Appellant focused his argument on section 110(1)(ii). Consequently, any claim under section 110(1)(i) is waived.

Furthermore, as the Commonwealth has observed in its appellate brief, Appellant failed to include in his Pa.R.A.P. 1925(b) statement a claim

that the trial court erred in failing to grant him relief pursuant to section 110(1)(i). In **Commonwealth v. Lord**, 719 A.2d 306, 309 (Pa. 1998), our Supreme Court held that if an appellant is directed to file a concise statement of matters to be raised on appeal pursuant to Pa.R.A.P. 1925(b), any issues not raised in that statement are waived. In **Commonwealth v. Butler**, 812 A.2d 631 (Pa. 2002), the Court further expanded the **Lord** holding, stating that waiver automatically applies when a Pa.R.A.P. 1925(b) statement is not filed or if an issue is not included in the Pa.R.A.P. 1925(b) statement, even when the question of waiver has not been raised by the other party, and even when the trial court has chosen to overlook the failure by addressing the issues it assumed would be raised. We have thoroughly reviewed Appellant's Pa.R.A.P. 1925(b) statement and agree with the Commonwealth's position that Appellant has failed to include the issue pertaining to section 110(1)(i) in his Pa.R.A.P. 1925(b) statement. Hence, for this reason too, the issue is waived. Moreover, even if Appellant had included the issue in his Pa.R.A.P. 1925(b) statement, we have stated that "[a] party cannot rectify the failure to preserve an issue by proffering it in response to a [Pa.R.A.P.] 1925(b) order." **Commonwealth v. Kohan**, 825 A.2d 702, 706 (Pa. Super. 2003) (citations omitted).

Appellant next argues that prosecution is barred under section 110(1)(ii). Appellant's Brief at 16-21. Appellant posits that he has met the

appropriate four-part test set forth in the associated caselaw pertaining to section 110(1)(ii).

As explained by our Supreme Court:

The compulsory joinder rule bars a subsequent prosecution if each prong of the following test is met: (1) the former prosecution resulted in an acquittal or conviction; (2) the current prosecution was based on the same criminal conduct or arose from the same criminal episode; (3) the prosecutor in the subsequent trial was aware of the charges before the first trial; and (4) all charges were within the same judicial district as the former prosecution.

*Commonwealth v. Nolan*, 855 A.2d 834, 839 (Pa. 2004) (footnote and citations omitted). "Each prong of this test must be met for compulsory joinder to apply." *Fithian*, 961 A.2d at 72.

In the instant case, the parties do not dispute that elements one and four of the four-prong test set forth in *Nolan* are met. It is undisputed that on September 9, 2014, Appellant pled guilty and was sentenced for retail thefts at the Walmart store in Washington Township, which were docketed at CP-28-CR-1708-2014 and CP-28-CR-1709-2014. A guilty plea constitutes a conviction for purposes of pursuing further prosecution pursuant to 18 Pa.C.S. § 110. *Commonwealth v. Bracalielly*, 658 A.2d 755, 760 (Pa. 1995). Thus, the first element is satisfied. Additionally, the current charges and the former charges are within the same judicial district as required by the fourth prong. Accordingly, we agree that elements one and four have been met.

Appellant posits that the second prong of the four-part test has also been met and therefore, the compulsory joinder rule applies. Appellant's Brief at 18-21. Regarding the second prong, Appellant argues that a single criminal episode exists in this matter because the charges at CP-28-CR-564-2015 and CP-28-CR-565-2015 are logically and temporally related and share common issues of law and fact with the charges from the prosecution at CP-28-CR-1708-2014 and CP-28-CR-1709-2014. *Id*. at 19. We disagree.

The seminal decision discussing the term "same criminal episode" is *Commonwealth v. Hude*, 458 A.2d 177 (Pa. 1983). Our Supreme Court summarized that holding as follows:

> In *Hude*, the defendant (Hude) was arrested and charged with twenty counts of possession and delivery of marijuana and one count of corruption of a minor. These charges arose from a series of sales to the same individual which allegedly occurred between October 1974 and January 1975. After nine possession and delivery counts were dismissed, the Commonwealth brought Hude to trial on three of the remaining possession and delivery charges and the corruption of a minor charge. Hude was acquitted. The Commonwealth then brought Hude to trial on the remaining eight possession and delivery charges.
>
> We held that these remaining eight charges arose from conduct which formed part of the same criminal episode as the conduct on which the initial three possession and delivery charges were based. Therefore, we concluded that the Section 110 barred the second attempt at prosecution and quashed the subsequent indictments. We reasoned:
>
> > [t]o interpret the "single criminal episode" test in such a manner as to permit successive trials for each of the alleged transactions would clearly be offensive to the prohibition against successive prosecutions as well as an unjustifiable expenditure of judicial resources. The interpretation of the term "single

- 12 -

criminal episode" must not be approached from a hypertechnical and rigid perspective which defeats the purposes for which it was created. Thus, where a number of charges are logically and/or temporally related and share common issues of law and fact, a single criminal episode exists, and separate trials would involve substantial duplication and waste of judicial resources. In such cases, failure to consolidate will bar successive prosecutions.

*Hude* [500 Pa.] at 494, 458 A.2d at 183.

*Bracalielly*, 658 A.2d at 761. *See also Commonwealth v. Reid*, 77 A.3d 579, 582 (Pa. 2013) (applying earlier holding from *Hude* and instructing that courts considering the logical-relationship prong should look at the temporal and logical relationship among the charges to determine whether they arose from a single criminal episode). "In *Hude,* both prosecutions contained a substantial duplication of issues of fact and law, which not only forced a defendant to 'run the gauntlet' repeated times and confront the 'awesome resources of the state' successively, but also sanctioned 'an unjustifiable expenditure of judicial resources.'" *Nolan*, 855 A.2d at 839 (quoting *Hude*, 458 A.2d at 180, 183).

Thus, to determine whether various acts constitute a single criminal episode warranting compulsory joinder, a court must consider two factors: 1) the logical relationship between the acts; and 2) the temporal relationship between the acts. *Commonwealth v. Spotz*, 759 A.2d 1280, 1285 (Pa. 2000). In ascertaining whether a number of statutory offenses are "logically related" to one another, the court should initially inquire as to whether there

is a substantial duplication of factual or legal issues presented by the offenses. **Commonwealth v. M.D.P.**, 831 A.2d 714, 718-719 (Pa. Super. 2003).

> If there is duplication, then the offenses are logically related and must be prosecuted at one trial. The mere fact that the additional statutory offenses involve additional issues of law or fact is not sufficient to create a separate criminal episode since the logical relationship test does not require 'an absolute identity of factual backgrounds.'
>
> * * *
>
> The temporal relationship between criminal acts will be a factor which frequently determines whether the acts are 'logically related.' However, the definition of a 'single criminal episode' should not be limited to acts which are immediately connected in time.... 'Transaction' is a word of flexible meaning. It may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship.

**Commonwealth v. Hunter**, 768 A.2d 1136, 1140-1141 (Pa. Super. 2001) (quoting **Hude**, 458 A.2d at 182-183).

"[T]he inquiry as to whether a series of criminal acts constitutes a single criminal episode is fact dependent." **Bracalielly**, 658 A.2d at 757. Furthermore, the single criminal episode analysis essentially considers the totality of the circumstances. **M.D.P.**, 831 A.2d at 719 n.3.

In addressing whether the charges stem from the same criminal episode, the trial court offered the following pertinent analysis, which we set forth as our own:

CP-28-CR-564-2015

- 14 -

[Appellant] is charged in this case with Retail Theft by the Pennsylvania State Police. The charge stems from an incident that occurred on or about August 28, 2014 in Guilford Township. [Appellant] argues that these charges are barred by the entry of his pleas in cases CP-28-CR-1708-2014 (Retail Theft, Criminal Mischief, and Possession of Instruments of Crime) & CP-28-CR-1709-2014 (Retail Theft). The parties agree that the charges at CP-28-CR-1708-2014 occurred on or about August 28, 2014 at approximately 11:45 p.m.; the charge at CP-28-CR-1709-2014 occurred on or about August 27, 2014 at approximately 4:01 a.m. *See Amended Motion*, ¶¶ 2, 5; *Answer*, ¶¶ 2, 5. The parties also agree that the charges at CP-28-CR-564-2015 occurred at approximately 10:00 p.m. on August 28, 2014. *See Amended Motion*, ¶ 3; *Answer*, ¶ 3.

* * *

Same Criminal Conduct /Criminal Episode

In the former prosecutions,[19] the evidence presumably consisted of witnesses from the retail store who would have testified to their observations of [Appellant] taking items offered for sale and removing them or attempting to remove them from the Walmart in Washington Township. Further, presumably Officers Schmitt and Wolfgang,[20] the charging officers, would have testified and presented evidence regarding their investigations. The legal questions presented in those prosecutions would have centered upon the taking/attempted taking of property from a store without paying the full retail value,[21] intentionally damaging another person's property,[22] and whether [Appellant] possessed an instrument of crime with the intent to employ it criminally.[23]

___

[19] CP-28-CR-1708-2014 (Retail Theft, Criminal Mischief, and Possession of Instruments of Crime) & CP-28-CR-1709-2014 (Retail Theft).

[20] Of the Washington Township Police Department.

[21] 18 Pa.C.S. § 3929(a) (relating to Retail Theft).

[22] 18 Pa.C.S. § 3304 (a) (relating to Criminal Mischief).

- 15 -

[23] 18 Pa.C.S. § 907 (a) (relating to Possessing Instruments of Crime).

The instant charge presumably consists of evidence in the nature of testimony from employees/witnesses at the Walmart store in Guilford Township. Trooper Sebastian would presumably testify as his investigation, and as to his and Trooper Cox's interview of [Appellant].[24] In essence, the former prosecutions arose from Retail Thefts involving the Walmart located in Washington Township, and involved investigations and interviews by officers of the Washington Township Police Department. The current prosecution involves Retail Theft from the Walmart located in Guilford Township, and involves an investigation and interview by Troopers from the Pennsylvania State Police. The officers and Troopers did not conduct a joint interview of [Appellant], and presumably different employees from each of the Walmarts in question would be required to testify in the each respective prosecution to establish the evidence alleged by the Commonwealth.

[24] While [Appellant] was interviewed by both Officer Wolfgang and the Troopers Sebastian & Cox at Washington Township Police Department, Officer Wolfgang's interview was conducted separate and apart from the Troopers' interview; as such, Officer Wolfgang could not testify as to any statements made by [Appellant] in relation to the Troopers' interview, and the Troopers[] cannot testify to any statements made by [Appellant] in relation to Officer Wolfgang's interview.

While the legal questions are similar, *i.e.*, related to whether [Appellant] committed Retail Theft, there is no substantial duplication of facts/evidence between the former prosecution and the instant case. The only duplication is that they are the same statutory offense and are alleged to have been committed by the same person; there is no other commonality between the former and current prosecutions. Again, while the offenses may be temporally related, that alone does not end the inquiry. Considering the lack of any substantial duplication in the evidence to be presented, the Court finds that the instant offense did not arise from the same criminal conduct or were not part of the same criminal episode as the former prosecution.

\* \* \*

<u>CP-28-CR-565-2015</u>

[Appellant] is charged in this case with Criminal Attempt - Burglary,[25] and Criminal Attempt - Criminal Trespass,[26] by the Pennsylvania State Police. The charge stems from an incident that occurred on or about August 28, 2014 in Guilford Township. [Appellant] argues that these charges are barred by the entry of his pleas in cases CP-28-CR-1708-2014 (Retail Theft, Criminal Mischief, and Possession of Instruments of Crime) & CP-28-CR-1709-2014 (Retail Theft). The parties agree that the charges at CP-28-CR-1708-2014 occurred on or about August 28, 2014 at approximately 11:45 p.m.; the charge at CP-28-CR-1709-2014 occurred on or about August 27, 2014 at approximately 4:01 a.m. *See Amended Motion*, ¶¶ 2, 5; *Answer*, ¶¶ 2, 5. The parties also agree that the charges at CP-28-CR-565-2015 occurred at approximately 11:04 p.m. on August 28, 2014. *See Amended Motion*, ¶ 4; *Answer*, ¶ 4.

> [25] 18 Pa.C.S. § 901 (relating to Criminal Attempt) to 18 Pa.C.S. § 3502 (relating to Burglary).

> [26] 18 Pa.C.S. § 901 (relating to Criminal Attempt) to 18 Pa.C.S. § 3503 (relating to Criminal Trespass).

\* \* \*

<u>Same Criminal Conduct/Criminal Episode</u>

In the former prosecutions,[27] the evidence presumably consisted of witnesses from the retail store who would have testified to their observations of [Appellant] taking items offered for sale and removing them or attempting to remove them from the Walmart in Washington Township. Further, presumably Officers Schmitt and Wolfgang,[28] the charging officers, would have testified and presented evidence regarding their investigations. The legal questions presented in those prosecutions would have centered upon the taking/attempted taking of property from a store without paying the full retail value,[29] intentionally damaging another person's property,[30] and whether [Appellant] possessed an instrument of crime with the intent to employ it criminally.[31]

[27] CP -28 -CR -1708 -2014 (Retail Theft, Criminal Mischief, and Possession of Instruments of Crime) & CP -28 -CR -1709 -2014 (Retail Theft).

[28] Washington Township Police Department.

[29] 18 Pa.C.S. § 3929(a) (relating to Retail Theft).

[30] 18 Pa.C.S. § 3304(a) (relating to Criminal Mischief).

[31] 18 Pa.C.S. § 907(a) (relating to Possessing Instruments of Crime).

In the instant case, the evidence would consist of testimony from the owner of the building alleged to be burglarized, namely Sunrise Computer & Electronics. It would also presumably include testimony from witnesses for the alarm company as Trooper Sebastian testified that they responded to the report of an "active burglary alarm" at Sunrise Computer & Electronics. Troopers Sebastian and Cox would testify regarding their investigation and interview of [Appellant]. The legal questions involved in the instant matter center upon whether [Appellant] attempted to enter Sunrise Computer and Electronics with the intent to commit a crime therein (Attempted Burglary) or attempted to enter any building knowing he was not licensed or privileged to do so (Attempted Criminal Trespass).

Considering the evidence/witnesses and legal issues in the instant matter do not substantially, duplicate those involved in the former prosecution, the Court finds that the instant matter is not the result of the same criminal conduct or part of the same criminal episode as the former prosecution. Further, while the offenses in the instant matter are not necessarily temporally distant from the former offenses, such temporal relationship does not overshadow the lack of logical relationship in the evidence and legal issues presented. Therefore, [Appellant's] *Amended Motion* must fail as to CP-28-CR-565-2015.

Trial Court Opinion, 12/21/15, at 12-16 (footnote omitted).

Upon review, we are constrained to agree with the trial court that, although temporally related, the instant charges relating to Appellant's conduct in Guilford Township do not stem from the same criminal episode that resulted in the former prosecution relating to Appellant's conduct in Washington Township. Hence, Appellant's claim lacks merit.

In an abundance of caution, we also address whether Appellant has established the third prong of the four-prong test, *i.e.*, whether the prosecutor in the subsequent trial was aware of the charges before the first trial. In addressing this issue for purposes of our 18 Pa.C.S. § 110 analysis, this Court has noted that "the test is not whether [the a]ppellee could be charged, but whether prosecuting officers knew of the offense." **Commonwealth v. George**, 38 A.3d 893, 898-899 (Pa. Super. 2012). Indeed, prosecuting authorities do not "know" of additional charges, within the meaning of section 110, when they only suspect that other offenses have been committed but do not have admissible evidence sufficient to support conviction of an accused. **Commonwealth v. Hall**, 538 A.2d 43, 47 (Pa. Super. 1988).

In **Hall**, the defendant sought to have charges of burglary, theft, and conspiracy dismissed because there was evidence that the police had knowledge of those offenses when police charged him with receiving stolen property and unlawful sale of firearms in connection with the same incident.

*Hall*, 538 A.2d at 45. We find our ruling in *Hall* to be persuasive. In rejecting the defendant's argument, the *Hall* Court noted the following:

> [C]ounsel for [defendant] is of the mind that mere 'knowledge' on the part of the police that a burglary occurred at the [victim's] camp site in 1986 necessitated that the [defendant] be charged at that time with such an offense in conjunction with the others initially lodged against him. Failure to do so, counsel would have us believe, brings this case within the prohibition of *Commonwealth v. Campana*, 452 Pa. 233, 304 A.2d 432 (1973) and § 110 barring a subsequent prosecution because 'such offense was known to the appropriate prosecuting officer at the time of the commencement of the first trial[.]' 18 Pa.C.S. § 110(1)(ii). The fact that the police may not have had sufficient evidence to either arrest or convict [the defendant] is of no moment. Rather, 'knowledge' on the part of the police of the burglary, when viewed in conjunction with the weapon offenses brought against the [defendant], renders this second prosecution as one 'arising out of the same episode' as the former prosecution and therefore, is prohibited, so argues counsel for the [defendant]. We disagree.

*Id*.

The court in *Hall* held that police "knowledge" of a crime is not "the equivalent of the quantum of evidence necessary to support a conviction for such a charge so as to activate the barring effect of § 110." *Hall*, 538 A.2d at 48. Our discussion in *Hall* demonstrates that although offenses may arise from the "same criminal episode," they may properly be charged and tried separately. Such is the case with Appellant.

As the trial court aptly explained in its recitation of the facts of this case:

> At some point during or shortly after his interview of [Appellant], Officer Wolfgang learned of a pending investigation by the Pennsylvania State Police (PSP). Trooper Cox of PSP arrived at

- 20 -

the Washington Township Police Department and interviewed [Appellant] in relation to the PSP investigation. Officer Wolfgang did not participate in the interview of [Appellant] by Trooper Cox, nor was he aware at the time of the exact nature of the PSP investigation, *i.e.*, he was unaware of the victims/witnesses, nor was he aware of a pending Driving Under the Influence charge. **Officer Wolfgang also did not speak with anyone in the District Attorney's Office at the time he filed charges.** The investigations by Officers Wolfgang and Schmidt resulted in charges being brought against [Appellant]; those charges were docketed and disposed of at CP-28-CR-1708-2014 & CP-28-CR-1709-2014.

* * *

**Both Officer Wolfgang and Trooper Sebastian indicated that they did not discuss their cases with the District Attorney's Officer prior to filing charges.**

Trial Court Opinion, 12/21/15, at 3-4 (footnote omitted) (emphases added).

Our review of the record supports the finding of fact made by the trial court that Officer Wolfgang was unaware of the nature of the investigation being conducted by the State Police. N.T., 11/23/15, at 14-15. The record further reflects that Officer Wolfgang filed retail theft charges against Appellant in relation to the incidents at the Washington Township Walmart on August 28, 2014, the night that Appellant was arrested. *Id*. at 15. In addition, Officer Wolfgang stated that he did not speak to the District Attorney's office about the charges. *Id*. at 20. Also, Trooper Sebastian testified at Appellant's pretrial hearing and explained that he participated in the investigation regarding the incidents in Chambersburg and was present with Trooper Cox at the interview of Appellant at the Washington Township Police Department. *Id*. at 23-27. Trooper Sebastian testified that he

ultimately filed charges against Appellant on September 22, 2014. *Id*. at 29. Trooper Sebastian stated that he did not follow Appellant's Washington Township retail-theft case, was not aware that Appellant had entered a guilty plea in that case, and did not contact the District Attorney's office prior to filing the charges against Appellant. *Id*. at 30.

Therefore, Appellant has failed to demonstrate that the prosecutor knew of the instant charges before the proceedings in the prior charges as required by section 110(1)(ii). To the extent Appellant argues that the requirement that the present offenses be known by the "prosecutor" includes knowledge by the "police" prior to his pleading guilty on the prior charges, this Court has rejected that argument. *See Hall*, 538 A.2d at 45 (concluding that where the appellant was previously charged with receiving stolen property and unlawful sale of firearms, knowledge on the part of the police that a burglary also occurred did not require, under section 110(1)(ii), that the appellant be charged with burglary when the other charges were lodged).

Accordingly, we conclude that the trial court properly denied Appellant's pretrial motion seeking to dismiss the charges. Therefore, we affirm the order.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>1/27/2017</u>