J-E03009-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| v. | : | |
| | : | |
| ROBERT MCCRAE, | : | |
| | : | |
| Appellant | : | No. 1373 EDA 2015 |

Appeal from the Order Entered April 20, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0009702-2014
and CP-51-CR-0009703-2014

BEFORE: BENDER, P.J.E., BOWES, PANELLA, LAZARUS, OTT, STABILE,
DUBOW, MOULTON, and RANSOM, JJ.

MEMORANDUM BY DUBOW, J.:                    **FILED OCTOBER 27, 2017**

Appellant, Robert McCrae, appeals by right from the interlocutory order entered on April 20, 2015, denying his Motion to Dismiss pursuant to 18 Pa.C.S. § 110. Upon careful review, we affirm.

We briefly summarize the facts and procedural history of this case as follows. On July 30, 2014, at 900 South 59th Street in Philadelphia, Pennsylvania, police conducted a traffic stop of a vehicle driven by Appellant, in order to investigate heavily tinted windows. Police allege that Appellant displayed signs of intoxication and admitted he smoked marijuana before driving. Upon a search incident to Appellant's arrest, police recovered a loaded semi-automatic firearm from the vehicle and found narcotics on Appellant's person. Police issued Appellant a traffic citation for improper

sunscreen.[1]  Thereafter, the Commonwealth charged Appellant with two violations of the Uniform Firearms Act (a felony and a misdemeanor), Driving Under the Influence of a Controlled Substance ("DUI") (a misdemeanor), and Possession of a Controlled Substance (a misdemeanor).[2]

On October 1, 2014, the Commonwealth proceeded on the summary offense of Improper Sunscreen before the traffic division of the Philadelphia Municipal Court ("traffic court"), which found Appellant guilty *in absentia*. After a preliminary hearing in the Court of Common Pleas ("trial court") on the felony and misdemeanor charges, the court held the remaining charges over for trial.

On April 20, 2014, before his scheduled trial, Appellant filed a Motion to Dismiss his firearms, DUI, and drug possession charges with the trial court pursuant to 18 Pa.C.S. § 110.  Appellant argued that the Commonwealth was barred from prosecuting him on the misdemeanor and felony charges because the traffic division of Municipal Court had previously convicted him for Improper Sunscreen, a summary traffic offense.  Appellant averred that Section 110 required the Commonwealth to consolidate for trial all known criminal charges based upon the same conduct or arising from the same

---

[1] 75 Pa.C.S. § 4524(e).

[2] 18 Pa.C.S. § 6106 (Firearms Not to be Carried Without a License, a felony); 18 Pa.C.S. § 6108 (Carrying a Firearm in Public in Philadelphia, a misdemeanor); 75 Pa.C.S. § 3802(d) (a misdemeanor); and 35 P.S. § 780-113(16) (a misdemeanor), respectively.

criminal episode in the same judicial district unless the trial court specifically ordered separate trials.[3] Following a hearing on Appellant's Motion to Dismiss, the trial court denied relief. N.T. Hearing, 4/20/15, at 8. Appellant requested an interlocutory appeal,[4] which the trial court granted. *Id.* at 8-9.

Appellant filed a timely Notice of Appeal on May 13, 2015. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

On August 30, 2016, this Court certified this case for *en banc* review, as well as four other cases raising similar issues pursuant to 18 Pa.C.S. § 110. The parties have filed supplemental briefs addressing this issue. On appeal, Appellant presents the following issue for our review:

> Did not the lower court err in denying [A]ppellant's [M]otion to [D]ismiss pursuant to 18 [Pa.C.S.] § 110 where [A]ppellant had previously been convicted of an offense

---

[3] In this case, the trial court did not enter an Order for separate trials.

[4] In Pennsylvania, "a defendant is entitled to an immediate interlocutory appeal as of right from an order denying a non-frivolous [M]otion to [D]ismiss on state or federal double jeopardy grounds." **Commonwealth v. DeLong**, 879 A.2d 234, 237 n.1 (Pa. Super. 2005) (citation omitted). "[T]he interlocutory appealability of double jeopardy claims has been applied to claims based on Section 110." **Commonwealth v. M.D.P.**, 831 A.2d 714, 717 n.1 (Pa. Super. 2003) (citation omitted). Appellant's Motion to Dismiss pursuant to Section 110 was subject to the requirements of Pa.R.Crim.P. 587(B). Our review of the proceedings indicates that the trial court satisfied the requirements of Rule 587(B). **See** N.T. Hearing, 4/20/15, at 8-9 (making findings of fact and conclusions of law demonstrating court's conclusion that the motion was not frivolous). **See also** Trial Court Opinion, 7/1/15, at 1-7 (addressing the merits). Accordingly, this Court has jurisdiction to consider this appeal.

> which arose from the same criminal episode as the offense in the instant case?

Appellant's Brief at 3.

Appellant contends that 18 Pa.C.S. § 110(1)(ii) compelled the Commonwealth to join all of the charges arising from his traffic stop into a single trial because all of Appellant's conduct arose from the same criminal episode in the same judicial district. *Id.* at 8-9. Appellant maintains that the plain language of Section 110 requires consolidation because the trial court and traffic court are within the same judicial district (*i.e.*, the First Judicial District, which covers Philadelphia County). *Id.* at 10-11. Hence, Appellant argues that because the Commonwealth already tried and convicted him *in absentia* in the traffic division of Municipal Court on the underlying summary traffic offense, the Commonwealth was aware of both cases and was required to bring all of the charges in a single prosecution. *Id.* at 10.

This Court addressed the compulsory joinder rule in our recent decision, **Commonwealth v. Perfetto**, ___ A.3d ___, 2017 PA Super 281 (Pa. Super. filed Aug. 30, 2017) (*en banc*).[5] The **Perfetto** Court held that jurisdiction is no longer an express element of the four-prong compulsory joinder test;

---

[5] A claim regarding compulsory joinder pursuant to 18 Pa.C.S. § 110 raises a question of law reviewed under a *de novo* standard of review and a plenary scope of review. **See Commonwealth v. Fithian**, 961 A.2d 66, 71 n.4 (Pa. 2008).

rather, a court must consider whether all charges occurred within the same judicial district. **Perfetto**, **supra** at *9.

Nevertheless, the **Perfetto** Court recognized that jurisdiction is implicit in any compulsory joinder analysis. In judicial districts with an open traffic court, this recognition formed the basis of an exception to the test, as traffic courts have jurisdiction exclusive of the Courts of Common Pleas to hear summary traffic offenses. 42 Pa.C.S. § 1302(b). Accordingly, summary traffic offenses may be disposed of in a single proceeding in the traffic court separately from other criminal charges without violating the compulsory joinder rule. **Perfetto** at *8-9. Further, the Court observed that in the unique context of Philadelphia, the Supreme Court of Pennsylvania has allocated disposition of summary traffic offenses solely to the Philadelphia Municipal Court Traffic Division. **Id.** at *8. As such, the Court concluded that Title 75 summary offenses must be disposed of in a proceeding in the Philadelphia Municipal Court Traffic Division and that a separate proceeding must be held for the remaining, higher offenses. **Id.** at *8.

Applying the **Perfetto** holding to this case, Appellant's subsequent prosecution is not subject to dismissal under compulsory joinder, as the Municipal Court Traffic Division adjudicated Appellant's prior summary traffic offenses. Because Philadelphia has a separate traffic court, the Commonwealth could dispose of Appellant's summary traffic offense without violating the compulsory joinder rules.

As clarified by **Perfetto**, we need not apply the four-prong compulsory joinder test "because of the unique jurisdictional organization of the Philadelphia Courts[.]" **Id.** at *9. The fact that the Commonwealth charged Appellant with both misdemeanor and felony offenses, in addition to the summary traffic offense, does not alter our analysis. Accordingly, we affirm the trial court's denial of Appellant's Motion to Dismiss pursuant to 18 Pa.C.S. § 110.[6]

Order affirmed.

President Judge Emeritus Bender, Judge Bowes, Judge Panella, Judge Ott, Judge Stabile, Judge Moulton, and Judge Ransom join the memorandum. Judge Larazus concurs in result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/27/2017

---

[6] "To the extent our legal reasoning differs from the trial court's, we note that as an appellate court, we may affirm on any legal basis supported by the certified record." **Commonwealth v. Williams**, 125 A.3d 425, 433 n.8 (Pa. Super. 2015).