J-A05038-22

2022 PA Super 150

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| JOSHUA CHRISTIAN FORRESTER- | : | No. 893 MDA 2021 |
| WESTAD | : | |

Appeal from the Order Entered June 18, 2021
In the Court of Common Pleas of Snyder County Criminal Division at
No(s):  CP-55-CR-0000160-2020

BEFORE:   OLSON, J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

OPINION BY OLSON, J.:                         **FILED: SEPTEMBER 1, 2022**

The Commonwealth appeals from the June 18, 2021 order that granted a motion filed by Joshua Christian Forrester-Westad ("Forrester-Westad") to withdraw his guilty plea and quash the criminal information filed against him in the Court of Common Pleas of Snyder County.  We affirm.

The trial court summarized the factual history as follows:

[On January 17, 2020, Forrester-Westad] was released from an inpatient rehabilitation facility in western Snyder County[, Pennsylvania.  Forrester-Westad] then walked approximately 15 miles to the Middleburg Auction Barn[, located in Snyder County,] and stole a 1986 Ford truck.  Inside the truck were a cordless drill, cordless impact gun[,] and bank bag.

[Forrester-Westad] then drove the [truck] to Luzerne County[, Pennsylvania,] and was stopped by the Kingston Police Department [on February 9, 2020].  According to the affidavit of probable cause[,] the Kingston Police Department interviewed

---

[*] Former Justice specially assigned to the Superior Court.

> [Forrester-Westad] at which time he admitted to taking the [truck] in Snyder County and driving it to Luzerne County.
>
> The Kingston Police Department[, in Luzerne County,] and the Middleburg Police Department[, in Snyder County,] were aware of [Forrester-Westad's] actions in both counties.

Trial Court Opinion, 9/22/21, at 2 (extraneous capitalization omitted).

On February 12, 2020, Forrester-Westad was charged in Snyder County with two counts of receiving stolen property and two counts of theft by unlawful taking.[1] On May 29, 2020, Forrester-Westad pled guilty to one count of receiving stolen property in Luzerne County stemming from his traffic stop involving the aforementioned truck and was sentenced the same day. Thereafter, in Snyder County, Forrester-Westad failed to appear for his preliminary hearing on June 3, 2020, and for his formal arraignment on October 12, 2020. At a bench warrant hearing on November 9, 2020, Forrester-Westad was formally arraigned and advised of his right to retain counsel. That same day, the Commonwealth amended its criminal information, charging Forrester-Westad in Snyder County with one count each of receiving stolen property and theft by unlawful taking.

This case was scheduled for jury selection on January 11, 2021, which was ultimately cancelled due to the COVID-19 global pandemic. Nonetheless, the trial court held a status conference on January 11, 2021, at which Forrester-Westad appeared *pro se via* video from the Luzerne County prison.

_____

[1] 18 Pa.C.S.A. §§ 3925(a) and 3921(a), respectively.

That same day, Forrester-Westad pled guilty in Snyder County to one count of theft by unlawful taking.

On June 1, 2021, and prior to imposition of Forrester-Westad's Snyder County sentence, Forrester-Westad's counsel, Theron J. Solomon, Esquire ("Attorney Solomon"), filed a motion to withdraw Forrester-Westad's guilty plea and quash the criminal information.[2]  Forrester-Westad sought to withdraw his guilty plea based upon 18 Pa.C.S.A. § 110, alleging that "[t]he offense [he] plead[ed] guilty to in Luzerne County is of the same course of conduct and criminal episode as he is now being prosecuted for in Snyder County."  Motion to Withdraw Guilty Plea and Quash the Information, 6/1/21 at ¶¶ 8-9.

The trial court held a hearing on Forrester-Westad's motion on June 18, 2021.  Following said hearing, the trial court entered an order granting Forrester-Westad's motion to withdraw his guilty plea and quash the criminal information.  The Commonwealth filed a timely notice of appeal and an amended notice of appeal.  Although not ordered to do so, the Commonwealth filed a concise statement of errors complained of on appeal, in accordance with Pa.R.A.P. 1925(b), on July 30, 2021.  The trial court filed its Rule 1925(a) opinion on September 22, 2021.

_____

[2] Attorney Solomon entered his appearance as counsel-of-record for Forrester-Westad in the Court of Common Pleas of Snyder County on January 25, 2021.  Attorney Solomon also represented Forrester-Westad in the criminal matter before the Court of Common Pleas of Luzerne County.

The Commonwealth raises the following issues for our review:

1.    Whether the trial court abused its discretion in permitting [Forrester-Westad] to withdraw his guilty plea and [in] quash[ing] the [criminal] information despite the fact that both requests were untimely?

2.    Whether the trial court abused its discretion in permitting [Forrester-Westad] to withdraw his guilty plea when [Forrester-Westad] failed to plead or prove that he had a fair and just reason to do so and that the Commonwealth would not suffer substantial prejudice as a result of the plea being withdrawn?

3.    Whether the trial court abused its discretion in quashing the [criminal] information despite the fact that [Forrester-Westad] previously entered a plea of guilty which should have resulted in a waiver of his claims under 18 Pa.C.S.A. § 110?

4.    Whether the trial court abused its discretion in quashing the [criminal] information pursuant to 18 Pa.C.S.A. § 110?

Commonwealth's Brief at 2-3 (extraneous capitalization omitted).[3]

Our standard of review of a trial court's decision to grant a motion to withdraw a guilty plea is as follows:

A trial court's decision regarding whether to permit a guilty plea to be withdrawn should not be upset absent an abuse of discretion.  An abuse of discretion exists when a defendant shows any "fair and just" reasons for withdrawing his plea absent "substantial prejudice" to the Commonwealth.  In its discretion, a trial court may grant a motion for the withdrawal of a guilty plea at any time before the imposition of sentence.  Pa.R.Crim.P. 591(A).  Although there is no absolute right to withdraw a guilty plea, properly received by the trial court, it is clear that a request made before sentencing should be liberally allowed.

_____

[3] We note that Forrester-Westad did not file an appellate brief with this Court.

*Commonwealth v. Elia*, 83 A.3d 254, 261-262 (Pa. Super. 2013) (original quotation marks and some citations omitted), *appeal denied*, 94 A.3d 1007 (Pa. 2014).

Similarly,

A motion to quash a criminal information or indictment is addressed within the sound discretion of the trial [court]. Discretion is abused when the course pursued by the trial court represents not merely an error in judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias[,] or ill will.

*Commonwealth v. Kane*, 188 A.3d 1217, 1227 (Pa. Super. 2018) (citations, original brackets, and quotation marks omitted), *appeal denied*, 197 A.3d 1180 (Pa. 2018).

### Part I – Motion to Withdraw Guilty Plea

We begin with a discussion of the fundamental constitutional principles of the right to counsel and the right to self-representation that are hallmarks of our criminal justice system, as this discussion is dispositive of the Commonwealth's challenges to the portion of the order granting Forrester-Westad's motion to withdraw his guilty plea.[4]

"Both the right to counsel and the right to self-representation are guaranteed by the Sixth Amendment to the United States Constitution and by

---

[4] For the reasons discussed herein, we find the Commonwealth's second issue, and the portion of its first issue concerning the trial court's decision to grant Forrester-Westad's motion to withdraw his guilty plea to be moot.

Article I, Section Nine of the Pennsylvania Constitution. Deprivation of these rights can never be harmless." **Commonwealth v. Johnson**, 158 A.3d 117, 121 (Pa. Super. 2017), *citing* **Commonwealth v. Payson**, 723 A.2d 695, 700 (Pa. Super. 1999). Given the inherent importance of the right to counsel and the right to self-representation, this Court has a duty to review, *sua sponte*, whether a defendant waived his or her right to counsel knowingly, voluntarily, and intelligently before proceeding in **every** critical stage of a criminal proceeding, including, *inter alia*, a plea hearing.[5] **Johnson**, 158 A.3d at 122 (stating, "[t]he inherent importance of the right to counsel justifies its overwhelming protection and the rigorous requirements necessary to find waiver"); **see also Commonwealth v. Murphy**, 214 A.3d 675, 679 (Pa. Super. 2019) (stating, "it is apparent that this Court has a duty to review whether [a defendant] properly waived his[, or her,] right to counsel" (original quotation marks omitted)).

"A [trial court's] thorough inquiry into the accused's appreciation of both the right to counsel and the right to represent oneself must be used in certain summary proceedings, at trial, **guilty plea hearings**, sentencing, **and every 'critical stage' of a criminal proceeding**." **Johnson**, 158 A.3d at 122 (citations, original quotation marks, and original brackets omitted; emphasis added). "A critical stage in a criminal proceeding is characterized by an

---

[5] We are cognizant that "once a defendant has made a competent waiver of counsel, that waiver remains in effect through all subsequent proceedings in that case absent a change of circumstances." **Johnson**, 158 A.3d at 122.

opportunity for the exercise of judicial discretion or when certain legal rights may be lost if not exercised at that stage." *Id.* (citation omitted). It is well-established that "when a defendant seeks to waive the right to counsel, the trial court is required to conduct, on the record, a full and complete waiver colloquy to determine whether the defendant's waiver is knowing, voluntary, and intelligent."[6] *Commonwealth v. Brazil*, 701 A.2d 216, 219 (Pa. 1997). Pennsylvania Rule of Criminal Procedure 121 sets forth the minimum requirements for a valid waiver-of-counsel colloquy as follows:

**Rule 121. Waiver of Counsel**

**(A) Generally.**

(1)   The defendant may waive the right to be represented by counsel.

(2)   To ensure that the defendant's waiver of the right to counsel is knowing, voluntary, and intelligent, the [trial court] or issuing authority, at a minimum, shall elicit the following information from the defendant:

   (a)  that the defendant understands that he or she has the right to be represented by counsel, and the right to have free counsel appointed if the defendant is indigent;

   (b)  that the defendant understands the nature of the charges against the defendant and the elements of each of those charges;

   (c)  that the defendant is aware of the permissible range of sentences and/or fines for the offenses charged;

---

[6] A defendant's request to waive counsel must be clear and unequivocal. *Commonwealth v. Davido*, 868 A.2d 431, 438 (Pa. 2005), *cert. denied*, 546 U.S. 1020 (2005).

(d) that the defendant understands that if he or she waives the right to counsel, the defendant will still be bound by all the normal rules of procedure and that counsel would be familiar with these rules;

(e) that the defendant understands that there are possible defenses to these charges that counsel might be aware of, and if these defenses are not raised at trial, they may be lost permanently; and

(f) that the defendant understands that, in addition to defenses, the defendant has many rights that, if not timely asserted, may be lost permanently; and that if errors occur and are not timely objected to, or otherwise timely raised by the defendant, these errors may be lost permanently.

(3) The [trial court] or issuing authority may permit the attorney for the Commonwealth or defendant's attorney to conduct the examination of the defendant pursuant to paragraph (A)(2). The [trial court] or issuing authority shall be present during this examination.

Pa.R.Crim.P. 121(A)(1-3). "A [trial] court's failure to conduct a valid colloquy before allowing a defendant to proceed *pro se* constitutes reversible error." **Commonwealth v. Floyd**, 257 A.3d 13, 18 (Pa. Super. 2020). "[W]here the [trial] court fails to conduct a waiver[-]of[-]counsel colloquy, a defendant's alleged waiver of counsel is ineffective, even if the [trial] court [] appointed standby counsel." **Id.**

Here, as part of Forrester-Westad's hearing on January 11, 2021, the following dialogue occurred between the trial court, Forrester-Westad, and the Commonwealth:

| [Trial Court]: | [] We are here for a pre-trial conference[ and possible ]guilty plea hearing. [Forrester-Westad] is participating by [video] from the Luzerne County jail. [Forrester-Westad] what are your |

- 8 -

|  | intentions? Do you intend to enter a [guilty] plea today or go to trial? |
|---|---|
| [Forrester-Westad]: | I intend to [enter] a [guilty] plea but I'm not sure if we're on the same - I'm not sure what the - if we're on the same page if you understand what I'm saying. |
| [Trial Court]: | Nope. I have no idea what you're saying. |
| [Commonwealth]: | Your Honor, if I may, for the benefit of the court, [Forrester-Westad] indicated that he has an attorney, [Attorney Solomon], that he spoke to yesterday. I indicated to him that I checked. [Attorney Solomon] has not entered his appearance. So that might be an issue we need to resolve. |
| [Trial Court]: | We went down this road before didn't we?[7] |

_____

[7] At Forrester-Westad's arraignment hearing and hearing to set bail on November 9, 2020, the trial court asked Forrester-Westad if he were represented by an attorney, to which Forrester-Westad replied that he was represented by Attorney Solomon. N.T., 11/9/20, at 3. The trial court then stated, "Well, I don't have anything in [the trial court case] file indicating that you have an attorney." *Id.* The trial court then proceeded to discuss the Commonwealth's amendment of the criminal information filed against Forrester-Westad and, later, during the arraignment portion of the hearing, the trial court informed Forrester-Westad as follows:

You have certain rights at this stage of the proceedings. The first right is to be represented by an attorney. If you wish court-appointed counsel, you must fill out an application and send it to the public defender's office here in Snyder County. If you wish court-appointed representation, you must fill that application out and mail it today. If you don't, when we get to further proceedings, if you want a continuance to get counsel, it's highly unlikely I will agree to that unless you've applied for counsel today. Do you understand that?

[Commonwealth]:      Yes.

[Trial Court]:       So your attorney hasn't entered his appearance, he's not here, I'm proceeding. I don't know what's going on. We did this once before. I continued it back --

[Forrester-Westad]:  I understand.

[Trial Court]:       Okay. Back on December 22[, 2020,] it was the same story. So are you entering a [guilty] plea today or do I schedule you to pick a jury on -

[Forrester-Westad]:  I'd like to make a [guilty] plea but I believe the [Commonwealth] spoke with my attorney in the past. I'm not sure.

[Trial Court]:       I don't know.

[Commonwealth]:      Your Honor, the plea offer in the matter, and I don't have notes that I spoke with his attorney, and as a matter of practice, I would not have spoken to [counsel] until he entered his appearance, the plea offer would be if he [pleaded] to Count 1 which is theft of the [truck], then he would receive a sentence in the bottom-half of the standard range. [Forrester-Westad] has some questions about what his prior record score would be and he also indicated that there are some arrangements in the works for him to go to another [rehabilitation center] involving his Luzerne County cases, although I have no knowledge about those arrangements.

---

*Id.* at 4-6 (extraneous capitalization omitted). Forrester-Westad replied, "Yes, I'll apply today." To which, the trial court responded, "If you have your own attorney that's just fine," and Forrester-Westad stated, "I'll apply for counsel in Snyder County." *Id.*

N.T., 1/11/21, at 2-3 (extraneous capitalization omitted).

Based upon a review of the record, although Forrester-Westad indicated at his plea hearing that he wished to plead guilty in this matter, he was not asked specifically whether, nor did he indicate that, he intended to waive his right to counsel and wanted to proceed with self-representation. *Id.* Rather, Forrester-Westad indicated to both the Commonwealth and the trial court that he was represented by Attorney Solomon, that he believed Attorney Solomon negotiated certain guilty plea arrangements with the Commonwealth, and that he was uncertain whether the guilty plea agreement being represented to him that day was, in fact, the same as the negotiated plea agreement.[8] *Id.* Based upon these circumstances and a review of the certified record, we cannot find that Forrester-Westad clearly and unequivocally waived his right to counsel before proceeding to enter a guilty plea. *See Davido*, 868 A.2d at 438.

More troublesome, however, is that even if the trial court believed that Forrester-Westad intended to waive his right to counsel at the plea hearing, the trial court failed to conduct a waiver-of-counsel colloquy before permitting Forrester-Westad to plead guilty. Instead, the trial court simply stated, "So

_____

[8] In its answer in opposition to Forrester-Westad's motion to withdraw his guilty plea and quash the criminal information, the Commonwealth concedes that on December 7, 2020, Attorney Solomon contacted the Commonwealth and "said he might be entering his appearance" on behalf of Forrester-Westad. Commonwealth's Answer in Opposition, 6/9/21, at 3 ¶e. In its answer, the Commonwealth further stated that on December 7, 2020, it sent Forrester-Westad "a letter noting the contact with Attorney Solomon, suggesting that getting an attorney was advisable, and outlining the current plea offer." *Id.* at 3 ¶f.

your attorney hasn't entered his appearance, he's not here, I'm proceeding."[9] N.T., 1/11/21, at 2. It cannot be over-emphasized, that a trial court bears the ever-important duty to make a "searching and formal inquiry into the questions of (1) whether the defendant is aware of his[, or her,] right to counsel or not[,] and (2) whether the defendant is aware of the consequences of waiving that right or not." **Commonwealth v. Starr**, 664 A.2d 1326, 1335 (Pa. 1995); **see also Commonwealth v. Houtz**, 856 A.2d 119, 124 (Pa. Super. 2004) (stating, "[r]egardless of the defendant's prior experience with the justice system, a penetrating and comprehensive colloquy is mandated" (citation and original quotation marks omitted)). The trial court's election to proceed without first conducting a waiver-of-counsel colloquy constitutes reversible error. For this reason, we affirm that part of the June 18, 2021 order that granted Forrester-Westad's motion to withdraw his guilty plea.

## Part II – Motion to Quash Criminal Information

The Commonwealth also challenges the portion of the June 18, 2021 order that granted Forrester-Westad's motion to quash the criminal

---

[9] In its Rule 1925(a) opinion, the trial court admirably expressed its concern that "it pressured [Forrester-Westad] into entering an uncounseled guilty plea without having the benefit of counsel." Trial Court Opinion, 9/22/21, at 3. The trial court further stated, "[a]lthough [Forrester-Westad] made representations of this [nature] in the past, the [trial c]ourt's concern is that the [trial c]ourt put [Forrester-Westad] in a position of making an uncounseled decision in violation of his constitutional rights to counsel." **Id.**

- 12 -

information on the ground that Forrester-Westad is not entitled to relief under 18 Pa.C.S.A. § 110. Commonwealth's Brief at 10-12.

To reiterate, Forrester-Westad was charged, ultimately, with one count of receiving stolen property and one count of theft by unlawful taking in Snyder County. Forrester-Westad pleaded guilty to one count of receiving stolen property in Luzerne County. The Pennsylvania Crimes Code defines the offenses of receiving stolen property and theft by unlawful taking, in pertinent part, as follows:

### § 3925. Receiving stolen property

**(a) Offense defined.**--A person is **guilty of theft** if he intentionally receives, retains, or disposes of movable property of another knowing that it has been stolen, or believing that it has probably been stolen, unless the property is received, retained, or disposed with intent to restore it to the owner.

18 Pa.C.S.A. § 3925(a) (emphasis added).

### § 3921. Theft by unlawful taking or disposition

**(a) Movable property.**--A person is **guilty of theft** if he unlawfully takes, or exercises unlawful control over, movable property of another with intent to deprive him thereof.

18 Pa.C.S.A. § 3921(a) (emphasis added).

Importantly, Section 3902 of the Crimes Codes states,

Conduct denominated **theft** in this chapter [(Chapter 39 of the Crimes Code, which includes the offenses of receiving stolen property and theft by unlawful taking)] **constitutes a single offense**. An accusation of theft may be supported by evidence that it was committed in any manner that would be theft under this chapter, notwithstanding the specification of a different manner in the complaint or indictment, subject only to the power of the court to ensure fair trial by granting a continuance or other

appropriate relief where the conduct of the defense would be prejudiced by lack of fair notice or by surprise.

18 Pa.C.S.A. § 3902 (emphasis added).

Thus, for purposes of our review in the case *sub judice*, the criminal charges of receiving stolen property and theft by unlawful taking are considered to be the same offense, which we shall refer to simply as "theft," pursuant to Section 3902. **Id.**; **see also Commonwealth v. Young**, 35 A.3d 54, 63 (Pa. Super. 2011), *appeal denied*, 48 A.3d 1249 (Pa. 2012) (stating that, a conviction of either, or both, receiving stolen property and theft by unlawful taking "may be used to punish the same course of conduct" and that each criminal offense is a lesser-included offense of the other).

Section 110 of the Crimes Code, which codifies the compulsory joinder rule,[10] states, in pertinent part, as follows:

## § 110.  When prosecution barred by former prosecution for different offense

---

[10] Our Supreme Court's decisions in **Commonwealth v. Campana**, 304 A.2d 432 (Pa. 1973), *vacated and remanded*, 414 U.S. 808 (1973) ("**Campana I**") and **Commonwealth v. Campana**, 314 A.2d 854 (Pa. 1974), *cert. denied*, 417 U.S. 969 (1974) ("**Campana II**")

> ultimately designed a rule of compulsory joinder which required the criminal offenses arising from the same criminal episode to be disposed of in one prosecution. In the interim between **Campana I** and **Campana II**, the legislature promulgated [S]ection 110 which set forth when prosecution would be barred by former prosecution for a different offense.

**Commonwealth v. Hude**, 458 A.2d 177, 179-180 (Pa. 1983) (citation omitted).

Although a prosecution is for a violation of a different provision of the statutes than a former prosecution or is based on different facts, it is barred by such former prosecution under the following circumstances:

(1) The former prosecution resulted in an acquittal or in a conviction as defined in section 109 of this title (relating to when prosecution barred by former prosecution for the same offense) and the subsequent prosecution is for:

. . .

(ii) any offense based on the same conduct or arising from the same criminal episode, if such offense was known to the appropriate prosecuting officer at the time of the commencement of the first trial and occurred within the same judicial district as the former prosecution unless the court ordered a separate trial of the charge of such offense[.]

18 Pa.C.S.A. § 110(1)(ii) (emphasis added).  Thus, Section 110 bars a subsequent prosecution if each prong of the following test is met:

(1) the former prosecution must have resulted in an acquittal or conviction;

(2) the current prosecution is based upon the same criminal conduct or arose from the same criminal episode as the former prosecution;

(3) the prosecutor was aware of the instant charges before the commencement of the trial on the former charges; and

(4) the current offense occurred within the same judicial district as the former prosecution.[11]

---

[11] We note that within the Commonwealth of Pennsylvania, Snyder County and Union County comprise Judicial District 17.  Luzerne County is in Judicial District 11.  ***See*** https://www.pacourts.us/courts/courts-of-common-pleas/judicial-districts (last visited June 10, 2022).

- 15 -

***Commonwealth v. Fithian***, 961 A.2d 66, 72 (Pa. 2008); ***see also***

***Commonwealth v. Reid***, 77 A.3d 579, 582 (Pa. 2013).

> [Section] 110's compulsory joinder rule was designed to serve two distinct policy considerations: (1) to protect a person accused of crimes from governmental harassment by being forced to undergo successive trials for offenses stemming from the same criminal episode, and (2) to ensure judicial economy.

***Commonwealth v. Nolan***, 855 A.2d 834, 840 (Pa. 2004) (superseded by statute on other grounds); ***see also Fithian***, 961 A.2d at 75-76. "By requiring compulsory joinder of all charges arising from the same criminal episode, a defendant need only once 'run the gauntlet' and confront the awesome resources of the state." ***Commonwealth v. Schmidt***, 919 A.2d 241, 245 (Pa. Super. 2007), *appeal denied*, 936 A.2d 40 (Pa. 2007).

Here, the Commonwealth asserts that Forrester-Westad failed to satisfy the second prong of the ***Fithian*** test. Commonwealth's Brief at 11-12. In so arguing, the Commonwealth concedes that Forrester-Westad satisfied the remaining three prongs of the test.[12] As such, we limit our review to

---

[12] In particular, we note that Forrester-Westad satisfied the fourth prong of the four-part ***Fithian*** test because the crimes of receiving stolen property and theft by unlawful taking constitute a single offense, "theft," pursuant to Section 3902. Thus, the single offense of "theft" of the truck occurred in both Snyder County and in Luzerne County. As such, the current offense of "theft" of the truck occurred within the same judicial district as the former prosecution for "theft" of the same truck ***See Fithian***, 961 A.2d at 77 (stating, "the compulsory joinder statute extends to those offenses which occurred in more than one judicial district, when one of those judicial districts was where the former prosecution was brought).

examining whether the trial court erred in determining Forrester-Westad satisfied the second prong of the *Fithian* test. *See* N.T., 6/18/21, at 15-16.

When examining whether a defendant has satisfied the second prong, which is also known as the logical relationship prong, courts should consider both the "'temporal' and 'logical' relationship between the charges to determine whether they arose from a 'single criminal episode.'" *Reid*, 77 A.3d at 582, *citing* *Hude*, *supra*. The logical relationship prong of the test requires "a substantial duplication of issues of law and fact." *Reid*, 77 A.3d at 582-583 (reasoning that, "an absolute identity of factual backgrounds" is not required but "a mere *de minimis* duplication of factual and legal issues is insufficient to establish a logical relationship").

In granting Forrester-Westad's motion to quash the criminal information, the trial court stated,

> Law enforcement in Luzerne County was aware that the [truck] was stolen in [Snyder County]. The [Commonwealth] made an issue that there are different witnesses [for each prosecution]. The [trial] court disagrees. In the Luzerne County prosecution, [the Commonwealth] would have had to [establish] that the [truck] was stolen so [it] could have required the testimony of the victim[, who was from Snyder County]. [The Commonwealth] would have assumably had to place [Forrester-Westad] in [Snyder County] so [an individual from the inpatient rehabilitation facility in Snyder County] would have been a witness. And from that point forward, all the witnesses were [from] Luzerne County. The [trial] court does not find that the witnesses would have been different.

N.T., 6/18/21, at 16 (extraneous capitalization omitted).[13]

Upon review, we concur with the trial court that Forrester-Westad satisfied the second prong of the four-part *Fithian* test, and Section 110 bars the prosecution of the theft charges in Snyder County. As the trial court noted, and the record supports, the evidence necessary to convict Forrester-Westad of the theft charges in both Luzerne County and Snyder County is substantially the same. In order to place Forrester-Westad in Snyder County on the date he unlawfully took the truck from the auction barn lot, both prosecutions would have needed to provide testimony from an individual from the inpatient rehabilitation facility located in Snyder County where Forrester-Westad was released on the date of the theft. Moreover, both prosecutions would have needed to provide the testimony of the truck owner to demonstrate that the truck was indeed stolen and that Forrester-Westad was not lawfully operating the truck with the owner's permission. Finally, both prosecutions would have benefited from introducing the testimony from police officers involved in investigating the taking of the truck in Snyder County and operating the truck in Luzerne County at the time of the traffic stop. Therefore, we discern no

---

[13] The Commonwealth baldly asserts, without specificity or detail, that "[t]he prosecution in Snyder County involves witnesses that have no relevance to the Luzerne County prosecution. The charges of theft [by unlawful taking] in Snyder County and of receiving stolen property in Luzerne County, albeit involving the same truck, rely on evidence independent of from one another." Commonwealth's Brief at 12.

abuse of discretion in the trial court order granting Forrester-Westad's motion to quash the criminal information.[14]

Order affirmed.

Judge Kunselman joins this Opinion.

President Judge Emeritus Stevens files a Dissenting Statement.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 09/01/2022

---

[14] Moreover, we find Forrester-Westad is entitled to quashal of the criminal information on the ground the prosecution in Snyder County violated the Double Jeopardy Clause, which prohibits successive prosecutions and multiple punishments **for the same offense**. *See Commonwealth v. Barber*, 940 A.2d 369, 377 (Pa. Super. 2007) (stating, "[t]he double jeopardy protections afforded by the United States and Pennsylvania Constitutions are coextensive and prohibit successive prosecutions and multiple punishments for the same offense" (original quotation marks and citation omitted)), *appeal denied*, 960 A.2d 835 (Pa. 2008). Because receiving stolen property and theft by unlawful taking constituted a single offense, "theft", pursuant to Section 3902, the Double Jeopardy Clause prohibits Forrester-Westad from being prosecuted for theft of the truck in Snyder County when he was already convicted of theft of the same truck in Luzerne County.