J-A05038-22

2022 PA Super 150

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOSHUA CHRISTIAN FORRESTER- | : | No. 893 MDA 2021 |
| WESTAD | : | |

Appeal from the Order Entered June 18, 2021
In the Court of Common Pleas of Snyder County Criminal Division at
No(s):  CP-55-CR-0000160-2020

BEFORE:   OLSON, J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

DISSENTING STATEMENT BY STEVENS, P.J.E.: **FILED: SEPTEMBER 1, 2022**

Despite an extensive colloquy with the trial judge in which Appellee clearly acknowledged his guilt, the Majority's decision affirms that portion of the trial court's June 18, 2021 order that granted Appellee's motion to withdraw his guilty plea.  Appellee, who made no argument on the position advanced by the Majority, is being permitted to withdraw a plea he clearly understood and to which he clearly agreed.  I respectfully dissent and would reverse the trial court's decision to allow Appellee to withdraw his plea.

The notes of testimony at the guilty plea hearing reveal the following relevant colloquy between the trial judge and Appellee:

---

[*] Former Justice specially assigned to the Superior Court.

THE COURT: Mr. Westad, are you on any type of medication?
MR. FORRESTER-WESTAD: No, sir.

THE COURT: And you can read, write, and understand English?
MR. FORRESTER-WESTAD: Yes, sir.

THE COURT: The Defendant's facing a two count information. Count 1 is the crime of Theft by Unlawful Taking, a Felony of the Third Degree, punishable by up to seven years incarceration, a $ 15,000 fine or both. Will you give us the factual basis?

MR. ZEIGLER: Yes, Your Honor. On or about January 17, 2020 within the confines of Snyder County, the Defendant did unlawfully take or exercise unlawful control over movable property of another with intent to deprive another thereof. To wit, Your Honor, the Defendant took a 1986 Ford truck from the Middleburg Auction Barn. That is the factual basis of this plea, Your Honor.

THE COURT: Mr. Westad, do you understand that you have the right to a trial by jury in this matter where 12 jurors would be selected from residents of Snyder County. To convict you, all 12 jurors would have to be unanimous and all 12 would have to be convinced beyond a reasonable doubt of your guilt. You do not have to prove your innocence, you do not have to testify, and that cannot be held against you in any way. Do you understand that?
MR. FORRESTER-WESTAD: Yes, sir.

THE COURT: Do you understand if you enter a plea, you're giving up your rights to the trial by jury?
MR. FORRESTER-WESTAD: Yes, sir.

THE COURT: You're presumed innocent. By that I mean I assume at this point that you've done nothing wrong and I would instruct a jury that they would have to do the same thing until such time as they heard enough evidence to convince them beyond a reasonable doubt of your guilt. If you enter a plea, you're giving up your rights to the presumption of innocence. Do you understand that?
MR. FORRESTER-WESTAD: Sir, yes, sir.

THE COURT: Do you understand that you are not required to enter a plea, you're absolutely free to proceed to trial?
MR. FORRESTER-WESTAD: Sir, yes, sir.

THE COURT: Do you understand the nature of the charge that you are pleading guilty to?
MR. FORRESTER-WESTAD: Very much so, sir.

THE COURT: And do you understand the possible penalties?
MR. FORRESTER-WESTAD: Absolutely, sir.

THE COURT: The Commonwealth has indicated that your plea agreement was in exchange if you plead guilty to Count 1, Theft by Unlawful Taking, a Felony of the Third Degree, you would receive a sentence in the bottom-half of the standard range. Your Prior Record Score is a four. The Offense Gravity Score for this offense is a seven. The standard range is 18 months to 24 months. The bottom-half of the standard range then would be somewhere between 18 and 21 months. Now, the Commonwealth has also indicated they are not objecting to a sentence of probation with restrictive conditions which would permit you to stay out of State prison and complete the treatment program that you just discussed. Is that your understanding of the plea agreement?
MR. FORRESTER-WESTAD: Sir, yes, sir.

THE COURT: So you understand, there are no guarantees you will receive a sentence of probation with restrictive conditions.
MR. FORRESTER-WESTAD: Yes, sir, very much understanding the severity of this.

THE COURT: Do you have any questions about your plea agreement?
MR. FORRESTER-WESTAD: No, no, sir. Just like I said, thank you if you can –

THE COURT: Are you in agreement with it?
MR. EORRESTER-WESTAD: Am I what?

THE COURT: Are you in agreement with the plea?
MR. FORRESTER-WESTAD: Sir, yes, sir.

> THE COURT: Other than the terms of your plea agreement, has anyone made any threats against you or promises to you in order to get you to enter a plea?
> MR. FORRESTER- WESTAD: No, no, sir.
>
> THE COURT: Whose decision is it to plead guilty?
> MR. FORRESTER-WESTAD: Mine and solely mine.
>
> THE COURT: Did you commit the crime of Theft by Unlawful Taking?
> MR. FORRESTER-WESTAD: Yes, sir.
>
> . . . .
>
> THE COURT: Do you have any questions?
> MR. FORRESTER-WESTAD: No, sir. I just want to say thank you for your time.

Notes of Testimony, 1/11/21 at 10-14 (emphasis added).

Even more to the point, Appellee sought to withdraw his guilty plea based upon his claim that prosecution is barred under 18 Pa.C.S.A. § 110(1)(ii). *See* Motion to Withdraw Guilty Plea and Quash the Information, 6/1/21 at ¶¶ 8-9. Appellee alleged that "[t]he offense [he] plead guilty to in Luzerne County is of the same course of conduct and criminal episode as he is now being prosecuted for in Snyder County." *Id.*

As recognized by the Majority, our standard of review of a trial court's decision to grant a pre-sentence motion to withdraw a guilty plea is well settled:

> A trial court's decision regarding whether to permit a guilty plea to be withdrawn should not be upset absent an abuse of discretion. An abuse of discretion exists when a defendant shows any "fair and just" reasons for withdrawing his plea absent "substantial prejudice" to the Commonwealth.

*Commonwealth v. Elia*, 83 A.3d 254, 261-262 (Pa. Super. 2013) (original quotation marks and some citations omitted), *appeal denied*, 94 A.3d 1007 (Pa. 2014).

Likewise, our Supreme Court has long recognized that Subsection 110(1)(ii) bars a subsequent prosecution if each prong of the following four-part test is met:

> (1) the former prosecution must have resulted in an acquittal or conviction;
>
> (2) the current prosecution is based upon the same criminal conduct or arose from the same criminal episode as the former prosecution;
>
> (3) the prosecutor was aware of the instant charges before the commencement of the trial on the former charges; and
>
> (4) the current offense occurred within the same judicial district as the former prosecution.

*Commonwealth v. Perfetto*, 207 A.3d 812, 821 (Pa. 2019) (citation omitted). "For purposes of Section 110, a guilty plea is tantamount to a conviction." *Commonwealth v. Peifer*, 730 A.2d 489, 492 (Pa.Super. 1999) (citations omitted), *appeal denied*, 743 A.2d 918 (Pa. 1999).

Here, it is undisputed that on May 29, 2020, Appellee pled guilty to the charge of receiving stolen property in Luzerne County and was sentenced that same day. In the instant case, Appellee originally pled guilty on January 11, 2021 to one count of theft by unlawful taking for conduct occurring in Snyder County.

Contrary to the Majority, I would find that Appellee has failed to satisfy the second prong of **Perfetto** by demonstrating that the instant prosecution for theft by unlawful taking in Snyder County "was based on the same criminal conduct or arose from the same criminal episode" as his receiving stolen property prosecution in Luzerne County. **See Perfetto**, 207 A.3d at 821.

Courts in this Commonwealth have long recognized that the determination of whether various acts constitute a single criminal episode requires the examination of the following two factors: (1) the logical relationship between the acts; and 2) the temporal relationship between the acts. **Commonwealth v. Spotz**, 896 A.2d 1191, 1210 (Pa. 2006).

> In ascertaining whether a number of statutory offenses are "logically related" to one another, the court should initially inquire as to whether there is a substantial duplication of factual, and/or legal issues presented by the offenses. … [A] mere **de minimis** duplication of factual and legal issues is insufficient to establish a logical relationship between offenses.

**Commonwealth v. M.D.P.**, 831 A.2d 714, 719-720 (Pa.Super. 2003) (citations omitted), **appeal denied**, 847 A.2d 1281 (Pa. 2004).

"The temporal relationship between criminal acts will be a factor that frequently determines whether the acts are logically related. However, the definition of a 'single criminal episode' should not be limited to acts which are immediately connected in time." **Commonwealth v. Schmidt**, 919 A.2d 241, 248 (Pa.Super. 2007) (citations omitted), **appeal denied**, 936 A.2d 40 (Pa. 2007).

Upon review of the record, I agree with the Commonwealth that the charges relating to Appellee's conduct in Snyder County do not stem from the same "criminal episode" that resulted in the former prosecution relating to Appellee's conduct in Luzerne County.

The record reflects that, apart from the vehicle stolen, there exists no substantial duplication of facts or evidence between the former Luzerne prosecution and the instant Snyder County matter. On the contrary, the two cases exhibit differences; in the date and time of the offenses; in the location of the offenses; in witnesses required by the prosecution for the offenses; and in the elements of the offenses.

Specifically, in February 2020, Appellee was found to be in possession of a stolen truck in Luzerne County, Pennsylvania during a traffic stop by an officer from the Kingston Police Department. Notes of testimony, 6/18/21 at 8. Appellee had stolen this truck more than three weeks earlier, in January 2020, from the parking lot of the Middleburg Auction Barn in Snyder County, Pennsylvania, which is approximately 90 miles away. *Id.* at 8-9. At the time of the initial theft in Snyder County, the truck contained a cordless drill, a cordless impact gun, and bank bag belonging to the vehicle's owner, William Weist. *Id.*

The current prosecution concerned the crime of theft by unlawful taking and would have presumably involved witnesses in Snyder County, including officers from the Middleburg Police Department, employees of the inpatient

rehabilitation facility in Snyder County where Appellee was being treated, and the owner of the truck who reported it stolen, William Weist.

The former prosecution concerned the crime of receiving stolen property, which requires proof of the additional element that the person had knowledge that the property has been stolen, and presumably would have involved witnesses from the Kingston Police Department in Luzerne County.

Because the two cases present varying legal questions, rely on different witnesses, and contain different evidence, the two prosecutions were not part of the same criminal episode. Based on the foregoing, I find that the trial court's conclusion that the instant prosecution in Snyder County was barred by the former prosecution in Luzerne County is unsupported by the record.

Thus, I would conclude that Appellant has not demonstrated a "fair and just reason" for withdrawing his plea. *See Elia*, 83 A.3d at 264.

Moreover, Appellee did not even make an argument on the basis the Majority advances to affirm the trial court. Appellee is being permitted to withdraw a plea he clearly agreed to, understood and for which he was advised of his rights.

Accordingly, I would reverse the trial court's order which grants Appellee's motion to withdraw his guilty plea and which quashes the criminal information in its entirety and remands this matter for additional proceedings.

Therefore, I respectfully dissent.